UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RUDOLFO HOPE BERGARA,　　　　　　　　No. C 09-5880 MHP (pr)

　　　　　Petitioner,　　　　　　　　　　　　**ORDER TO SHOW CAUSE**

　　v.

MICHAEL MARTEL, warden,

　　　　　Respondent.

　　　　　　　　　　　　　　　　　　　　/

## **INTRODUCTION**

Rudolfo H. Bergara, a California prisoner incarcerated at Mule Creek State Prison, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases. His request that mail be sent to his mother rather than to him in prison also is before the court for consideration.

## **BACKGROUND**

According to the habeas petition, Bergara was convicted in Santa Clara County Superior Court of several crimes against a minor and several sentence enhancement allegations were found true. On September 29, 2006, he was sentenced to 60 years to life in prison consecutive to a term of 48 years and four months in prison. He appealed. The California Court of Appeal affirmed his conviction. The California Supreme Court granted his petition for review, held his case, and then dismissed it in 2008. He then filed this action.

**DISCUSSION**

A.  Review of The Petition

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The petition alleges the following claims: (1) petitioner's right to due process was violated because the evidence was insufficient to support the determination under California Penal Code § 12022.7 that petitioner personally inflicted great bodily injury on the victim; (2) petitioner's right to due process was violated because the court failed to give the requested jury unanimity instruction, and the jury could have relied on a legally improper theory to find true the great bodily injury enhancement allegations, (3) petitioner's right to due process was violated because the evidence was insufficient to support the conviction on count 6, (4) petitioner was denied his Sixth Amendment right to effective assistance of trial counsel when counsel opted not to have the jury instructed on a lesser-included offense for count 7, and (5) petitioner was denied his rights under the Sixth Amendment Confrontation Clause when the defense was prohibited from impeaching two witnesses with evidence that they were on probation.  Liberally construed, the allegations are cognizable in a federal habeas action and warrant a response.

B.  Request That Court Mail Be Delivered Other Than To Petitioner

Bergara's petition was mailed to the court by an attorney who stated that he was filing the petition on Bergara's behalf, but that Bergara would be representing himself in the action. In the letter, counsel requested that documents from the court that referred to or contained a

1 description of the charges against Bergara be sent to his mother in Milpitas "for reasons of
2 personal safety."  Petition attach., 12/10/09 letter.

3 The court needs more information to consider this very unusual request.  The court
4 will accept (for purposes of this request) the representation that petitioner has some safety
5 concerns based on the nature of his offenses, but the court has serious concerns that
6 petitioner's proposal is knowingly made and is workable.  With very few exceptions, second
7 and successive petitions are not allowed; this almost certainly will be his only habeas
8 petition, and any misstep in this action by him or anyone helping him may end all collateral
9 review opportunities in federal court.  Further, prison conditions can change without notice.
10 Prisoners' visiting and telephone privileges occasionally are disrupted or unavailable.  Also,
11 prisoners occasionally are moved to different facilities.  These unpredictable circumstances
12 of imprisonment make it even more difficult for the pro se petitioner who is responsible for
13 complying with deadlines, preparing his filings, personally signing those briefs, and doing
14 research in support those briefs.

15 Accordingly, no later than **May 21, 2010**, petitioner must file a declaration explaining
16 specifically how he plans to litigate this action if mail from the court and respondent's
17 counsel is sent to him in care of his mother, rather than at the prison.  The declaration must
18 be signed by petitioner, and the court will not accept a declaration from his mother or the
19 attorney.  Until the court receives that declaration and acts on it, mail will be sent to
20 petitioner in prison.

## CONCLUSION

22 For the foregoing reasons,

23 1. The petition states cognizable claims for habeas relief and warrants a response.

24 2. The clerk shall serve by certified mail a copy of this order, the petition and all
25 attachments thereto upon respondent and respondent's attorney, the Attorney General of the
26 State of California.

27 3. Respondent must file and serve upon petitioner, on or before **July 23, 2010**, an
28 answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases,

3

1 showing cause why a writ of habeas corpus should not be issued.  Respondent must file with
2 the answer a copy of all portions of the state court record that have been previously
3 transcribed and that are relevant to a determination of the issues presented by the petition.

4     4. If petitioner wishes to respond to the answer, he must do so by filing a traverse
5 with the court and serving it on respondent on or before **August 27, 2010**.

6     5. Petitioner is responsible for prosecuting this case.  He must keep the court
7 informed of any change of address and must comply with the court's orders in a timely
8 fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute
9 pursuant to Federal Rule of Civil Procedure 41(b).

10     6. The clerk will mail a copy of this order to petitioner at these two addresses:

| | |
|---|---|
| Rudolfo H. Bergara<br>CDCR # F44599<br>Mule Creek State Prison<br>P.O. Box 409040<br>Ione, CA  95640 | Rudolfo H. Bergara<br>c/o Esperanza Bergara<br>325 Valmy Street<br>Milpitas, CA 95035 |

IT IS SO ORDERED.

DATED:   April 22, 2010

                                     Marilyn Hall Patel
                                     United States District Judge